**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

LESLIE ESTANIA ESTEVEZ CARDENAS,

Petitioner,

v.

FERETI SEMAIA, et al.,

Respondents.

No. 5:26-cv-4920-BFM

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Leslie Estefania Estevez Cardenas filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on April 29, 2026. (ECF 1.) For the reasons stated below, the Petition is **granted** and Petitioner is ordered released.

## FACTUAL BACKGROUND

Petitioner is a citizen of Columbia who is currently detained in the Adelanto ICE Processing Center, within the Central District of California. (ECF 1 ("Pet.") ¶ 1.) She arrived in the United States on or around October 28, 2021, and presented herself to immigration authorities at the California-Mexico border. (Pet. ¶ 16.) She has resided in Orange County, CA ever since, planting roots in the community. (Pet. ¶ 16, 24.)

Petitioner detained for a period, and post-removal order she was released on May 8, 2025, on an Order of Supervision. (Pet. ¶ 2, 20.) Petitioner alleges since her release last year, she has wholly complied with the terms of her supervised release for the full fifteen-month period. Nevertheless she was detained in July. (Pet. ¶¶ 2-3, 23.) ICE officers did not explain to Petitioner why she was being detained and did not identify any violation of law or release conditions or any changed circumstance. (Pet. ¶¶ 25-27.)

Petitioner filed this Petition on August 27, 2026, alleging that her redetention was not authorized, in that she did not violate the terms of her supervision, she was not provided any notice, and Respondents have not identified any changed circumstances that would justify her detention. (Pet. ¶¶ 3-4, 41.) Respondents have neither filed a notice of appearance nor an answer. The time has passed to comply with the briefing schedule, and so this Petition is deemed unopposed.

**ANALYSIS**

Petitioner argues that her detention violates due process and asks for release. (Pet. ¶¶ 35-45.) Respondents have not supplied any answer to her claims.

Federal courts must decide cases based on the arguments the parties present. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Sineneng-Smith*, 590 U.S. at 375 (2020) (cleaned up). Just last summer, the Supreme Court reminded the lower courts that they are "essentially passive instruments of government" who must

stick to the narrow questions teed up by the parties. *Margolin v. Nat'l Assoc. of Immigration Judges*, 146 S. Ct. 1285, 1288 (2026) (citation omitted). Or, put more colorfully, "courts 'call balls and strikes'; they don't get a turn at bat." *Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (quoting *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 599 (2020)).

The government has adopted regulations to implement its authority to detain or release noncitizens under Section 1231(a), as construed by *Zadvydas*. *See* 8 C.F.R. §§ 241.4, 241.13. Consistent with the weight of authority in this District, the Court finds that the government bears the burden of justifying the revocation of an order of supervision. *See Trieu v. Mullin*, 5:26-cv-01653-MBK, 2026 WL 1045194, at *5 (C.D. Cal. Apr. 17, 2026) (collecting cases).

Here, Respondents did not meet this burden as they failed to provide an answer. Their failure to do so constitutes forfeiture of the arguments they *could* have made in support of their position. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite. *Sineneng-Smith*, 590 U.S. at 375-76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (cleaned up).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that her claim, alleging that her detention is without lawful authority, is unrefuted. As

numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondent's failure to oppose the relief sought. *See*, *e.g.*, *Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

In sum, because Respondents have not met their burden "to show cause why the writ should not be granted," 28 U.S.C. § 2243, the Court grants the Petition and orders Petitioner released.

## CONCLUSION

Accordingly, Claim One in the Petition (Pet. ¶¶ 35-38, 44-45) is **granted**. Petitioner Leslie Estefania Estevez Cardenas (A# 220-854-992) is ordered immediately released on the conditions previously imposed.

Claim Two and Three in the Petition (Pet. ¶¶ 39-43) are denied as moot in light of the relief granted on Claim One.

The Court declines to enter the declaratory relief sought (Pet. ¶ 46); the

process provided in this case is inadequate, but the Court is not inclined to enter the declaratory relief sought in the Petition. (Pet. ¶ 46.)

Petitioner's counsel shall file a status report confirming Petitioner's release within three days of her release from custody; if release is delayed for any reason, Petitioner shall promptly notify the Court. Upon receipt of confirmation that Petitioner has been released, judgment will issue and the Court will close the case.

If Petitioner's counsel seeks EAJA fees, counsel shall file a timely motion with supporting documentation.

DATED: September 4, 2026

BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE